IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| KARL SHACKELFORD | § | |
| VS. | § | CIVIL ACTION NO. 6:11CV701 |
| SAM HARDEN, ET AL | § | |

MEMORANDUM OPINION AND ORDER

Petitioner Karl Shackelford, an inmate who was confined at the Kaufman County Jail at the time he initiated this action, proceeding *pro se*, filed the above-styled and numbered petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred to a Magistrate Judge for findings of fact, conclusions of law and recommendations for the disposition of the case. It appears Petitioner is now living at an address in Tyler, Texas.

On January 24, 2012, the Magistrate Judge issued a Report and Recommendation (R&R) that the habeas petition be dismissed and a certificate of appealability be denied. On February 13, 2012, the Court adopted the R&R and entered Final Judgment dismissing the petition. Petitioner has now filed an "objection . . . why a writ of habeas corpus 'is needed[,]'" which the Court construes as a motion for reconsideration of the judgment (docket entry #10).

Although he cites a number of case authorities in his filing, mostly without explanation as to their application, Plaintiff has not specifically identified a basis for seeking reconsideration of the Court's decision.

A motion for reconsideration may be made under either Federal Rule of Civil Procedure

1

59(e) or 60(b). *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). Such a motion "'calls into question the correctness of a judgment.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In Re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id*. at 479 (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Instead, "Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id*. (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." *Schiller v. Physicians Resource Grp.*, 342 F.3d 563, 567 (5th Cir. 2003). Altering, amending, or reconsidering a judgment is an extraordinary remedy that courts should use sparingly. *Templet*, 367 F.3d at 479 (citing *Clancy v. Employers Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D.La. 2000)).

If a motion for reconsideration is filed within 28 days of the judgment or order of which the party complains, it is considered to be a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion. *See Shepherd*, 372 F.3d at 328 n.1; *Berge Helene Ltd. v. GE Oil & Gas, Inc.*, 2011 WL 798204, at *2 (S.D. Tex. Mar. 1, 2011) (noting that the Fifth Circuit drew the line at 10 days in *Shepherd* instead of 28 days because the case was decided before the amendments to Rule 59 took effect on December 1 2009).[1] In this case, Plaintiff's motion for reconsideration was filed on February 28, 2012, well within the 28 day period required for a Rule 59(e) motion; therefore, the

---

[1] Rule 59(e) was amended in 2009 to extend the time for timely filing from 10 days to 28 days. Although a Fifth Circuit case has not yet explicitly observed the change, district courts within the Fifth Circuit have widely applied it in situations such as this. *See, e.g., Alack v. Jaybar, LLC*, 2011 WL 3626687, at *2 & n.4 (E.D. La. Aug. 17, 2011) (citing *Shepherd*, 372 F.3d at 328 n.1).

Court will construe the motion as one under Rule 59(e).

Rule 59(e) notwithstanding, Petitioner has stated no reason or basis for the Court to reconsider, amend or alter its judgment. Although he appears to allege wrongful termination of his job, Motion at 4, that is not a proper basis for a § 2254 habeas petition to begin with. As the Magistrate Judge stated in her original R&R, overall Petitioner's filing "makes little sense." R&R at 1.

It is accordingly

**ORDERED** that Plaintiff's Objection (docket entry #10), construed as a Motion for Reconsideration pursuant to Fed. R. Civ. P. 59(e), is **DENIED**. It is further

**ORDERED** that any motion not previously ruled upon is hereby **DENIED**, including but not limited to Petitioner's earlier motion for an evidentiary hearing (docket entry #7), which is **DENIED** as **MOOT**.

**It is SO ORDERED.**

**SIGNED this 20th day of March, 2012.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE